UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED ARTHUR KING,<br><br>        Plaintiff,<br><br>    v.<br><br>RUSSELL LEE TARVER, et al.,<br><br>        Defendants. | Case No. 2:24-cv-03757-DAD-CSK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS (ECF No. 7) AND TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 13); ORDER DENYING PLAINTIFF'S MOTION FOR ELECTRONIC FILING (ECF No. 16) |

I.     **INTRODUCTION**

    Pending before the Court is a motion to dismiss filed by defendants Sacramento County and Santiago James Garcia, which is fully briefed. (ECF Nos. 7, 8, 10.) Also pending are plaintiff Ted Arthur King's motions for a preliminary injunction and for electronic filing. (ECF Nos. 13, 16.) Plaintiff is proceeding pro se.[1] Pursuant to Local Rule 230(g), the motion to dismiss and motion for a preliminary injunction are submitted on the record and briefs. A hearing is not typically held for motions to use electronic

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

filing. L.R. 133(b)(3). For the reasons stated below, this Court recommends GRANTING defendants' motion to dismiss without leave to amend, DISMISSING without leave to amend the claims against the remaining defendants, and DISMISSING this action. This Court also recommends DENYING plaintiff's motion for a preliminary injunction. Finally, this Court DENIES plaintiff's motion to use electronic filing.

## II.     DEFENDANTS' MOTION TO DISMISS

### A.     Background

These facts derive from the complaint (ECF No. 1), which is construed in the light most favorable to plaintiff as the non-moving party. *See Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *See Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

The complaint states that it is brought pursuant to 42 U.S.C. § 1981. (ECF No. 1 at 1.) Named as defendants are Russell Lee Tarver, Virginia Eileen Tarver, Kurt Alan Tarver, Leanne Garcia, Santiago James Garcia, Placer County and Sacramento County. (*Id.* at 4-5.) Plaintiff identifies defendants Leanne Tarver Garcia and Santiago James Garcia as being employed by the Sacramento County Sheriff. (*Id.* at 4.) Plaintiff's claims generally stem from a state court case litigated by Plaintiff in Placer County Superior Court, case no. S-CV-0042357, in which Plaintiff claims he was "denied reasonable opportunity to present his case." (*Id.* at 2.) Plaintiff claims that the California Court of Appeal, in case no. C096365, affirmed the decision by the Placer County Superior Court to dismiss his case. (*Id.*)

Plaintiff alleges that defendant Russell Lee Tarver owned a storage yard in Roseville, California where plaintiff lived for almost three years, apparently in plaintiff's motor home. (*Id.* at 5.) Plaintiff alleges that on or around December 5, 2018, plaintiff and defendant Russell Lee Tarver had a dispute regarding ownership of a 2015 Subaru Outback. (*Id.* at 5-9.) Plaintiff alleges that the 2015 Subaru Outback was illegally towed by defendant Kurt Alan Tarver. (*Id.* at 5.) Plaintiff also alleges that defendant Russell Lee

1  Tarver refused to accept the $10,000 in labor plaintiff made on defendant Russell Lee
2  Tarver's 1965 Thunderbird as payment for the expense of storing plaintiff's motor home
3  on defendant Russell Lee Tarver's property. (*Id.* at 6.)
4      On January 2, 2019, defendant Russell Lee Tarver told plaintiff and Roseville
5  Police Officers that defendant Russell Lee Tarver would not allow plaintiff to retrieve
6  plaintiff's vehicles from defendant Russell Lee Tarver's property because defendant
7  Russell Lee Tarver had placed liens on plaintiff's vehicles. (*Id.* at 8.) Plaintiff alleges that
8  at this point, defendant Russell Lee Tarver had "full intention of unlawful self-help
9  eviction…" (*Id.*) Plaintiff alleges that defendant Santiago James Garcia later informed
10 plaintiff that defendant Russell Lee Tarver rejected the proposed "let's just walk away
11 agreement" regarding the disputes. (*Id.* at 9.) Plaintiff alleges that defendant Santiago
12 James Garcia also testified to this on March 30, 2021. (*Id.*) Plaintiff alleges that
13 defendant Santiago James Garcia also falsely testified that plaintiff threatened defendant
14 Santiago James Garcia and called defendant Santiago James Garcia a racial slur. (*Id.*)
15     On January 8, 2019, plaintiff filed a state court complaint against Russell Lee
16 Tarver in Placer County Superior Court, case no. S-CV-0043257 ("*King v. Tarver I*"). (*Id.*)
17 On October 2, 2020, the Honorable Michael W. Jones denied plaintiff's motion to compel
18 responses to special interrogatories as untimely. (*Id.* at 9-10.) Plaintiff appears to claim
19 that this ruling was wrong based on plaintiff's declaration of Covid Financial Distress. (*Id.*
20 at 10.) Judge Jones also denied plaintiff's exhibit list. (*Id.*) Judge Jones also took judicial
21 notice of an Elder Abuse Restraint Order obtained against plaintiff by defendant Russell
22 Lee Tarver in case no. 20DV01246, which plaintiff objected to as an illegal and invalid
23 order. (*Id.* at 11.) Plaintiff alleges that Sacramento County Superior Court Judge Dhillon
24 imposed an invalid Elderly Protective Order, which appears to be the restraining order
25 taken judicial notice of by Judge Jones. (*Id.* at 3.) Plaintiff claims that defendant
26 Sacramento County has a long history of levying invalid orders of restraint and enforcing
27 them against plaintiff. (*Id.*)
28     Plaintiff filed a motion challenging the validity of liens obtained against plaintiff by

3

defendant Russell Lee Tarver and also alleging conversion. (*Id.* at 11.) On November 21, 2021, the Honorable Trisha Hirashima denied plaintiff's motion challenging the validity of the liens and alleging conversion. (*Id.*) Plaintiff alleges that the liens defendant Russell Lee Tarver obtained against plaintiff were illegal, which Judge Jones acknowledged after dismissing *King v. Tarver I*, Placer County case no. S-CV-0042357. (*Id.* at 12.) Plaintiff "validated" defendant Russell Lee Tarver's fraud in obtaining the liens against plaintiff, but plaintiff alleges Judge Jones took no action regarding the "truth and the facts of the matter." (*Id.*)

Judge Jones dismissed plaintiff's case against defendant Russell Lee Tarver but allowed the cross-complaint filed by defendant Russell Lee Tarver to proceed. (*Id.* at 13.) Plaintiff alleges that Judge Jones violated 42 U.S.C. § 1981 by "using a pseudo Grand Jury trial, as retaliation, in open court, in Superior Court of California, Placer County, case no. S-CV-0042357, in an attempt to discover semblance of criminality on plaintiff." (*Id.*) On April 5, 2022, a jury ruled in favor of defendant Russell Lee Tarver "for a total of $50,000." (*Id.*) Plaintiff alleges that he, plaintiff, "never owed defendant Russell Lee Tarver any money for storage. Meaning all liens on plaintiff's property were illegal and the Honorable Michael W. Jones discriminating rulings were in violation of 42 U.S.C. § 1981 equal rights." (*Id.*)

Plaintiff appealed to the state appellate court. On May 31, 2023, the California Court of Appeal affirmed the judgment of the state trial court.[2]

On October 4, 2023, plaintiff filed a complaint in this federal district court, *King v. Tarver*, No. 2:23-cv-02206 TLN-SCR (E.D. Cal.) ("*King v. Tarver II*").[3] Motions to dismiss were filed by two different groups of defendants, and the assigned magistrate judge recommended granting the motions to dismiss and dismissing the entire action without prejudice. On December 16, 2024, the district judge adopted the findings and recommendations and dismissed *King v. Tarver II* without prejudice.

---

[2] The state appellate court's decision is discussed in more detail below.
[3] *King v. Tarver II* is discussed in more detail below.

4

Two weeks after *King v. Tarver II* was dismissed, on December 30, 2024, plaintiff filed the instant federal action ("*King v. Tarver III*"). In this federal action, Plaintiff raises five claims for relief. In claim one, plaintiff alleges violation of 42 U.S.C. § 1981. (*Id.* at 13.) In subpart A of claim one, plaintiff alleges obstruction of justice and retaliation in violation of Section 1981 against defendants Placer County, Leanne Garcia and Santiago James Garcia regarding Placer County case no. S-CV-0042357. (*Id.* at 13-14.) In subpart B of claim one, plaintiff alleges obstruction of justice and retaliation in violation of Section 1981 against defendants Sacramento County, Russell Lee Tarver, Kurt Alan Tarver and Virginia Eileen Tarver regarding Sacramento County case no. 20DV01246. (*Id.* at 14.) In claim two, plaintiff alleges fraudulent liens against defendants Russell Lee Tarver and Kurt Alan Tarver based on the liens imposed on plaintiff regarding a 2017 Hyundai Sonata, a 1998 Honda Accord, a 1985 Southwind motorhome, a 1999 Dodge Neon and a 2010 Kia Optima. (*Id.* at 14-15.) In claim three, plaintiff alleges unlawful self-help eviction against defendants Russell Lee Tarver and Kurt Alan Tarver. (*Id.* at 15.) In claim four, plaintiff alleges breach of contract against defendants Russell Lee Tarver and Kurt Alan Tarver based on plaintiff's alleged restoration of the 1965 Thunderbird. (*Id.*) In claim five, plaintiff alleges conversion of property against defendants Russell Lee Tarver and Kurt Alan Tarver. (*Id.*)

**B.  Legal Standards**

   1.  Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *See Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *See Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, no leave to amend need be given. *See Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such

facts when deciding whether to grant leave to amend. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### 2. Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *See id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *See Paulsen*, 559 F.3d at 1071.

### 3. Lack of Jurisdiction under Rule 12(b)(1)

A party may file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the subject matter jurisdiction of the court. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a result, they may only review cases as authorized by either the Constitution or a federal statute. *See id.* "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss [it]." *Morongo Band of Mission Indians v. California Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (quotation omitted).

Challenges to jurisdiction may be either facial or factual in nature. *See San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of the Interior*, 905 F. Supp. 2d 1158, 1167

6

(E.D. Cal. 2012). A facial attack to jurisdiction "accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). In contrast, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* In a factual challenge, the court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Villarino v. Soc. Sec. Administration: Manager, 1521 N. Carpenter Rd., Suite 1, Modesto, CA 95354*, 2018 WL 5095125, at *2 (E.D. Cal. Oct. 17, 2018).

**C.    Discussion**

Defendants Sacramento County and Santiago James Garcia move to dismiss plaintiff's claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction on the grounds that this case is barred by the *Rooker-Feldman* doctrine. Defendants also move to dismiss plaintiff's claims pursuant to Rule 12(b)(1) as barred by res judicata based on a previously dismissed action in this district court, *King v. Tarver II*, No. 2:23-cv-02206 TLN-SCR.[4] Defendants also move to dismiss plaintiff's claims for failure to state a claim pursuant to Rule 12(b)(6). Prior to addressing the merits of defendants' motion, this Court first considers defendants' request for judicial notice.

/ / /

---

[4] Some courts have found that motions to dismiss on res judicata grounds are properly brought under Federal Rule of Civil Procedure 12(b)(1). S*ee Estrada v. California Correctional Institution*, 2020 WL 2770063, at *1 (E.D. Cal. May 28, 2020), findings and recommendations adopted, 2020 WL 4586158 (E.D. Cal. Aug. 10, 2020). Other courts have found that motions to dismiss on res judicata grounds are properly brought under Federal Rule of Civil Procedure 12(b)(6). *See Bullock v. Arizona Board of Regents*, 2025 WL 275938, at *3 (D. Ariz. Jan. 23, 2025). This Court need not determine whether defendants' motion to dismiss on res judicata grounds is properly brought under Rule 12(b)(1) or Rule 12(b)(6) because defendants' motion is brought pursuant to both Rule 12(b)(1) and Rule 12(b)(6) and, for the reasons discussed below, res judicata does not apply.

7

### 1. Request for Judicial Notice

Pursuant to Federal Rule of Evidence 201, defendants request that the Court take judicial notice of the following documents: (1) the opinion of the California Court of Appeal, Third Appellate District, case no. C096365, filed May 31, 2023, affirming the judgment of Placer Superior Court in case no. S-CV-0042357; (2) the order filed December 16, 2024 in United States District Court for the Eastern District of California, case no. 2:23-cv-02206 TLN-SCR, granting defendants' motion to dismiss; and (3) entry of judgment by the Clerk of Court on December 16, 2024 in Eastern District of California case no. 2:23-cv-02206 TLN-SCR. (ECF No. 7-2.) This Court grants defendants' request for judicial notice of these documents pursuant to Federal Rule of Evidence 201.

### 2. Rooker-Feldman

#### a. *Legal Standard*

Under the *Rooker-Feldman* doctrine, federal district courts may not "review the final determinations of a state court in judicial proceedings." *Worldwide Church of God v. McNair, et al.*, 805 F.2d 888, 890 (9th Cir. 1986). The doctrine reflects the fact that the only federal court with the jurisdiction to review state court decisions is the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Lower federal courts can review the constitutionality of laws, but not the judgment of a state court in a particular case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983). District courts therefore lack subject matter jurisdiction if the current claims are "inextricably intertwined" with a state court decision and "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules[.]" *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

#### b. *Analysis*

Defendants argue that the state court proceedings in Placer County case no. S-CV-0042357 underly plaintiff's allegations in *King v. Tarver III*, the complaint in this federal action. (ECF No. 7-1 at 4.) Defendants argue that the state court case was

appealed and its dismissal affirmed. (*Id.*) Based on these circumstances, defendants argue that plaintiff's collateral attack on those proceedings in this federal action is precluded under the *Rooker-Feldman* doctrine. (*Id.*)

### i.   *Claim One, Subpart A*

As discussed above, named as defendants in claim one, subpart A, are Placer County, Leanne Garcia and Santiago James Garcia. In claim one, subpart A, plaintiff challenges the judgment against him in Placer County case no. S-CV-0042357. In order to address defendants' arguments regarding applicability of the *Rooker-Feldman* doctrine to claim one, subpart A, this Court first addresses plaintiff's previous action filed in this federal district court, *King v. Tarver II*, No. 2:23-cv-2206 TLN-SCR, raising claims similar to those raised in the instant action.

In *King v. Tarver II*, plaintiff named as defendants Placer County, Sacramento County, Placer County Superior Court Judge Michael Jones, Judge Dhillon, Russell Lee Tarver, Virginia Eileen Tarver, Kurt Alan Tarver, Leanne Garcia and Santiago James Garcia.[5] (*See* case no. 2:23-cv-2206, ECF No. 4 (amended complaint).) In *King v. Tarver II*, defendants Judges Jones and Dillon filed a motion to dismiss on the grounds of judicial immunity, the *Rooker-Feldman* doctrine and the Eleventh Amendment. (*Id.*, ECF No. 11.) Defendants Sacramento County and Santiago James Garcia filed a motion to dismiss based on the *Rooker-Feldman* doctrine and for failure to state a claim. (*Id.*, ECF No. 14.) On November 5, 2024, Magistrate Judge Sean Riordan recommended that both motions to dismiss be granted and that the entire action be dismissed without prejudice and without further leave to amend. (*Id.*, ECF No. 24.) The magistrate judge recommended that the motion to dismiss filed by defendants Jones and Dhillon be granted on the basis of judicial immunity, the *Rooker-Feldman* doctrine and for failure to state a claim. (*Id.*, ECF No. 24.) The magistrate judge recommended that the motion to dismiss filed by defendants Sacramento County and Santiago James Garcia be granted

---

[5] This Court takes judicial notice of the court record in *King v. Tarver II*, case no. 2:23-cv-2206. *See* Fed. R. Evid. 201.

9

for failure to state a claim and because plaintiff's claims were barred by the *Rooker-Feldman* doctrine as plaintiff challenged the results of a state court proceeding, i.e., *King v. Tarver I*, Placer County case no. S-CV-0042357. (*Id.*, ECF No. 24.) The magistrate judge further recommended that the claims against the non-moving defendants be dismissed as barred by the *Rooker-Feldman* doctrine because the claims were an improper de facto appeal of the judgment against plaintiff in *King v. Tarver I*, Placer County case no. S-CV-0042347. (*Id.*, ECF No. 24) The magistrate judge recommended that the entire action be dismissed without prejudice: "As *Rooker-Feldman* is a jurisdictional doctrine, it is appropriate to dismiss this action without prejudice. *See Eicherly v. O'Leary*, 721 Fed. App'x 625, 627 (9th Cir. 2018)." (*Id.*, ECF No. 24 at 7.) On December 16, 2024, District Judge Troy Nunley adopted the November 5, 2024 findings and recommendations, and dismissed case no. 2:23-cv-2206 without prejudice. (*Id.*, ECF Nos. 28, 29.) Plaintiff then filed *King v. Tarver III*, the complaint in the instant action on December 30, 2024. (ECF No. 1.)

    A dismissal based on *Rooker-Feldman* is a dismissal for lack of federal jurisdiction. *See Fredericksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). "A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's laws of preclusion permits." *Id.* Thus, plaintiff may not re-file in federal court the claims raised in *King v. Tarver II*, Eastern District of California case no. 2:23-cv-2206, challenging the results of plaintiff's state court case, *King v. Tarver I*, Placer County case no. S-CV-0042357, because the district court dismissed those claims for lack of federal jurisdiction pursuant to the *Rooker-Feldman* doctrine. However, after reviewing the record in *King v. Tarver II*, case no. 2:23-cv-2206, this Court finds that it is difficult to determine whether the claims raised in the instant action were raised in *King v. Tarver II*. For this reason, in an abundance of caution, this Court independently considers whether the claims raised in the claim one, subpart A, are barred by the *Rooker-Feldman* doctrine.

10

To put defendants' argument in context that plaintiff's claims raised in claim one, subpart A, are barred by the *Rooker-Feldman* doctrine, the California Court of Appeal decision affirming the judgment against plaintiff in *King v. Tarver I*, Placer County case no. S-CV-0042357, summarizing the factual background of the action is instructive:

> FACTUAL AND PROCEDURAL BACKGROUND
>
> The record in this appeal is sparse. It includes neither the complaint nor the cross-complaint. From what we can surmise, the case arises from a dispute between acquaintances over payments related to one or more vehicles, and a leased storage space, which culminated in an incident in which King hit Tarver with his car door. [Footnote omitted.] King filed a complaint against Tarver. Tarver cross-complained against King, alleging causes of action for breach of contract, negligence, eviction, conversation, assault, and battery.
>
> ***
>
> In light of the evidentiary sanctions imposed, and also based on King's violation of section 607(a), Tarver moved to dismiss the complaint with prejudice. The trial court construed Tarver's request as a motion for judgment of nonsuit and granted the motion, dismissing King's case. Tarver proceeded to trail on the cross-complaint, where the jury found King liable for negligence, assault, and battery, and awarded Tarver $50,000 in damages. King appealed.

(ECF No. 7-2 at 5-6.) The California Court of Appeal went on to affirm the state trial court's issuance of evidentiary sanctions against plaintiff and dismissal of plaintiff's action. (*Id.* at 7-11.)

In claim one, subpart A, plaintiff identifies *King v. Tarver I*, Placer County case no. S-CV-0042357, as the case plaintiff challenges. As discussed above, plaintiff alleges that defendant Santiago James Garcia falsely testified in this state court case. Plaintiff appears to claim that the state trial court erroneously admitted this false testimony. This Court finds that claim one, subpart A, against defendant Santiago James Garcia is barred by the *Rooker*-Feldman doctrine. *See Day v. Devries*, 2023 WL 3842664, at *3 (10th Cir. June 6, 2023) (claim that defendants committed perjury and state court erroneously admitted certain testimony and evidence and allowed an inconsistent jury

verdict to stand barred by the *Rooker-Feldman* doctrine); *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (finding that claims are "inextricably intertwined" with state court ruling if "the relief requested in the federal action would effectively reverse the state court decision or void its ruling") (internal quotation marks omitted)). This Court also finds that the extrinsic fraud exception to the *Rooker-Feldman* doctrine does not apply to plaintiff's claim alleging that defendant Santiago James Garcia falsely testified in plaintiff's state court action because plaintiff fails to allege facts showing that defendant's alleged false testimony prevented plaintiff from presenting plaintiff's claims in state court. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004) (stating that the *Rooker-Feldman* doctrine does not apply when a plaintiff "alleges a cause of action for extrinsic fraud on a state court" and defining extrinsic fraud as "conduct which prevents a party from presenting a claim in court."). Accordingly, defendants' motion to dismiss claim one, subpart A, against defendant Santiago James Garcia as barred by the *Rooker-Feldman* doctrine should be granted.

Claim one, subpart A challenging *King v. Tarver I*, Placer County case no. S-CV-0042357, also names defendants Placer County and Leanne Garcia. While the complaint contains no specific allegations against these defendants, the allegations in the instant complaint make clear that plaintiff's claims regarding *King v. Tarver I* raised in claim one, subpart A, are an attempt by plaintiff to vacate the state court judgment against plaintiff based on allegedly improper rulings made by the state court trial judge. As discussed above, plaintiff also alleges that he was denied the reasonable opportunity to present his case in *King v. Tarver I*, Placer County case no. S-CV-0042357. Plaintiff goes on to describe allegedly erroneous rulings made by the state court trial judge, including the denial of plaintiff's motion to compel as untimely, the denial of plaintiff's exhibit list, the admission of the Elder Abuse Restraint order against plaintiff, the failure to take action regarding defendant Russell Lee Tarver's testimony about the lease or rental agreement and the dismissal of plaintiff's complaint. Because plaintiff's claim one, subpart A, challenging *King v. Tarver I*, Placer County case no. S-CV-0042357, is clearly

based on allegedly erroneous rulings made by the state court trial judge, and possibly a challenge to the affirmance by the California Court of Appeal of the state trial court judgment against plaintiff, this Court finds that the claims raised in claim one, subpart A, against defendants Placer County and Leanne Garcia are barred by the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003) ("Reduced to its essence, *Rooker* held that when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal.").

####    ii.    Claim One, Subpart B

In claim one, subpart B, against defendants Sacramento County, Russell Lee Tarver, Kurt Alan Tarver and Virginia Eileen Tarver, plaintiff alleges obstruction of justice and retaliation pursuant to 42 U.S.C. §1981 based on the restraining order issued against plaintiff in Sacramento County case no. 20DV01246, obtained against plaintiff by defendant Russell Lee Tarver, and apparently admitted as evidence against plaintiff in *King v. Tarver I*, Placer County case no. S-CV-0042357. (ECF No. 1 at 10-11.) In the complaint, plaintiff alleges that evidence of this restraining order should not have been admitted at his state court trial because it was an "invalid and illegal order." (*Id.* at 11.) This Court finds that in claim one, subpart B, plaintiff challenges the validity of the restraining order issued in Sacramento County case no. 20DV01246. For this reason, claim one, subpart B, is barred by the *Rooker-Feldman* doctrine. *See Noel,* 341 F.3d at 1156; *Malberg v. McCracken*, 2023 WL 2769095, at *4 (N.D. Cal. Mar. 31, 2023) ("For the purposes of the second *Rooker-Feldman* element, it is difficult to envision a clearer example of a plaintiff attempting to blatantly end run an adverse state court judgment. Several federal courts in California have also used the *Rooker-Feldman* doctrine to dismiss complaints with remarkably similar allegations challenging California domestic violence restraining orders."); *Ervin v. California*, 2018 WL 3375058, at *4 (S.D. Cal. July 11, 2018) ("Essentially, plaintiff is asking this court to overturn the state court's order

issuing the protective order and the gun prohibition, making this a de facto appeal of the state court order that is prohibited under the *Rooker-Feldman* doctrine."). To the extent plaintiff challenges the admission, over plaintiff's objection, of evidence in *King v. Tarver I*, Placer County case no. S-CV-0042357, regarding the restraining order issued in Sacramento County case no. 20DV01246, this Court finds that this claim is also barred by the *Rooker-Feldman* doctrine. Accordingly, defendant Sacramento County's motion to dismiss claim one, subpart B, should be granted. This Court also recommends dismissal of claim one, subpart B, as to defendants Russell Lee Tarver, Kurt Alan Tarver and Virginia Eileen Tarver as barred by the *Rooker-Feldman* doctrine as the claims against these defendants also challenge the validity of the restraining order issued in Sacramento County case no. 20DV01246.

                iii.    <u>Claims Two, Three, Four and Five</u>

Claims two, three, four and five appear to raise claims for alleged violations of state law. Because this Court recommends dismissal of the federal claims in this action (claim one, which is comprised of subparts A and B) based on the *Rooker-Feldman* doctrine, claims two, three, four and five based on alleged violations of state law must be dismissed. *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (a district court has no discretion to retain supplemental jurisdiction over state law claims if it dismisses federal claims for lack of subject matter jurisdiction).

        3.    <u>Res Judicata</u>

            a.    <u>Legal Standard</u>

The doctrine of res judicata, also known as claim preclusion, bars a party from re-litigating a claim where three elements are met: (1) identity of claims in the two actions; (2) final judgment on the merits in the first action; and (3) identity or privity between parties in the two actions. *See Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 (9th Cir. 2000). When the doctrine applies, it "'bar(s) all grounds for recovery which could have been asserted, whether they were or not…" *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (*quoting Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)).

Thus, all potential claims that could "'arise out of the same transactional nucleus of facts'" are barred going forward. *See id.* at 1202 (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)).

### b. Analysis

Defendants argue that the instant action is barred by the doctrine of res judicata because plaintiff previously filed a lawsuit in this district court: *King v. Tarver II*, No. 2:23-cv-2206 TLN-SCR. As discussed above, *King v. Tarver II* was dismissed without prejudice, including plaintiff's claims challenging the state court judgment against plaintiff in *King v. Tarver I*, Placer County case no. S-CV-0042357, as barred by the *Rooker-Feldman* doctrine.

A dismissal based on the *Rooker-Feldman* doctrine is a dismissal for lack of subject matter jurisdiction. *See Wood v. County of Contra Costa*, 2020 WL 1505717, at *3 n.7 (N.D. Cal. Mar. 30, 2020). "[A] dismissal for lack of subject matter jurisdiction does not 'operate[] as an adjudication on the merits[.]" *Id.* (quoting Fed. Civ. P. 41(b)); *see also Costello v. United States*, 365 U.S. 265, 285-86 (1961) (where claim alleged in first action was dismissed for lack of subject matter jurisdiction, holding res judicata did not bar plaintiff from realleging claim in subsequent action); *see also Glaude v. Deutsche Bank*, 2024 WL 664806, at *2 n.3 (N.D. Cal. Feb. 16, 2024) (a dismissal without prejudice based on *Rooker-Feldman* would not have res judicata effect). Therefore, the order in *King v. Tarver II* dismissing without prejudice plaintiff's claims as barred by the *Rooker-Feldman* doctrine has no res judicata effect on the instant action because it is not a final judgment on the merits.

In *King v. Tarver II*, the district court dismissed without prejudice the remaining claims not barred by the *Rooker-Feldman* doctrine. As a result, this also has no res judicata effect on the instant action. *See Spears v. Chang*, 2024 WL 5238635, at *4 (E.D. Cal. Dec. 27, 2024), findings and recommendations adopted 2025 WL 588976 (E.D. Cal. Feb. 24, 2025) ("A dismissal without prejudice is not an adjudication on the merits and does not have res judicata effect."); *see also Cooter & Gell v. Hartmarx Corp.*,

15

496 U.S. 384, 396 (1990).

Accordingly, for the reasons discussed above, res judicata does not bar this action.

### 4. Failure to State a Claim

Defendants argue that plaintiff's complaint fails to state a claim under 42 U.S.C. § 1981 because plaintiff fails to allege a contractual relationship between plaintiff and defendants Sacramento County and Santiago James Garcia. *See Pittman v. Oregon, Emp. Dep't.*, 509 F.3d 1065, 1067 (9th Cir. 2007) (42 U.S.C. § 1981 prohibits racial discrimination in the making and enforcement of contracts, whether through state action or private action). However, the Ninth Circuit has held that Section 1981 does not provide an express or implied cause of action. *See Yoshikawa v. Seguirant*, 74 F.4th 1042, 1044 (9th Cir. 2023) (en banc). The Ninth Circuit stated that: "A plaintiff seeking to enforce rights secured by § 1981 against a state actor must bring a cause of action under § 1983." *Id.* at 1047. This Court finds that leave to amend is not warranted to allow plaintiff to state a claim pursuant to Section 1983 against defendant Sacramento County because plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

Whether defendant Santiago James Garcia acted as a state actor at the times alleged in the complaint is unclear. In *Yoshikawa*, the Ninth Circuit did not address whether a Section 1981 claim against a private actor remains viable. *See Yoshikawa*, 74 F.4th at 1049 n.1 (Collins, J., concurring in part and dissenting in part) (reading the majority opinion as leaving "undisturbed the implied right of action the Supreme Court recognized directly under Section 1981 against *private* actors.") (emphasis in original). However, regardless of whether defendant Santiago James Garcia acted as a state actor or a private actor, this Court finds that leave to amend is not warranted because plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

### 5. Conclusion

For the reasons discussed above, this Court recommends that defendants' motion to dismiss be granted without leave to amend on the grounds that plaintiff's claims

16

against defendant Santiago James Garcia raised in claim one, subpart A, and against defendant Sacramento County raised in claim one, subpart B, are barred by the *Rooker-Feldman* doctrine and leave to amend would be futile. *See U.S. ex rel. Insoon Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (leave to amend should be granted unless the district court determines that the pleading defect cannot be cured). For the reasons discussed above, this Court recommends that the claims against defendants Placer County and Leanne Garcia raised in claim one, subpart A, and against defendants Russell Lee Tarver, Kurt Alan Tarver and Virginia Eileen Tarver raised in claim one, subpart B, be dismissed sua sponte without leave to amend because these claims are also barred by the *Rooker-Feldman* doctrine and leave to amend would also be futile. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (district court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants"); *see also Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023) ("although sua sponte dismissals are unusual they are permitted under our precedent"); *Qin Zhang v. Google, Inc.*, 609 Fed. App'x 459, 460 (9th Cir. 2015) ("The district court properly dismissed Zhang's federal claims sua sponte for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine…"). As *Rooker-Feldman* is a jurisdictional doctrine, it is appropriate to dismiss these claims without prejudice. *See Eicherly,* 721 Fed. App'x at 627. Finally, for the reasons discussed above, this Court recommends that the state law claims raised in claims two, three, four and five against defendants Russell Lee Tarver and Kurt Alan Tarver be dismissed.

This Court makes clear that while this action should be dismissed without prejudice, it is without prejudice as to the merits, which are open to review in state court to the extent state laws permit such review. *See Fredericksen*, 384 F.3d at 438. Plaintiff cannot refile the claims raised in the instant action or in *King v. Tarver II*, case no. 2:23-cv-2206, in this federal district court. *See id.* If plaintiff continues to file federal actions in this district court raising claims challenging the state court judgment against him in *King*

17

*v. Tarver I*, Placer County case no. S-CV-0042357, and/or the restraining order issued in Sacramento County case no. 20DV01246, plaintiff may be sanctioned.

### III.   PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

In the motion for injunctive relief, plaintiff claims that when he arrived at the federal courthouse on April 8, 2025 for the hearing regarding defendants' motion to dismiss, that he mistakenly believed was set for 2:00 p.m., two Sacramento County Deputy Sheriffs served plaintiff with a "Notice of Hearing to Renew Restraining Order" in case no. 20DV01246. (ECF No. 13 at 1-2.) Plaintiff claims that the hearing to renew the restraining order is set for May 6, 2025 at 9:00 a.m. (*Id.* at 5.) Plaintiff appears to claim that the original restraining order issued in case no. 20DV01246 was invalid because the state court overlooked defendant Russell Lee Tarver's dishonesty. (*Id.* at 2.) In the pending motion for injunctive relief, plaintiff asks this federal Court, in essence, to declare the original state court restraining order in case no. 20DV01246 invalid as well as the order to appear served on plaintiff by the Sacramento County Deputy Sheriffs on April 8, 2025. (*Id.* at 4-5.)

Under federal law, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the plaintiff must show (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of a preliminary injunction"; (3) "the balance of equities tips in [their] favor"; and (4) a preliminary injunction "is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20) (referred to as the *Winter* factors). Because this Court recommends that this action be dismissed, this Court finds that plaintiff fails to demonstrate that he is likely to succeed on the merits of his claims. For this reason, plaintiff's motion for injunctive relief should be denied.

### IV.   PLAINTIFF'S MOTION FOR ELECTRONIC FILING

On April 15, 2025, plaintiff filed a motion for permission to utilize electronic filing.

(ECF No. 16.) Local Rule 133(b)(2) provides that any person appearing in pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge. Local Rule 133(b)(3) provides, in relevant part, that requests to use electronic filing as an exception from the Local Rules shall be submitted as stipulations as provided by Local Rule 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception. In this action, plaintiff, who is proceeding pro se, submitted his request as a motion, not as a stipulation. The Court declines to grant plaintiff permission to use electronic filing and therefore denies plaintiff's motion.

## V.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for electronic filing (ECF No. 16) is denied; and

IT IS RECOMMENDED that:

1. Plaintiff's motion for a preliminary injunction (ECF No. 13) be denied;
2. The motion to dismiss filed by defendants Sacramento County and Santiago James Garcia (ECF No. 7) be granted without prejudice and without leave to amend;
3. The claims against defendants Placer County and Leanne Garcia raised in claim one, subpart A, and against defendants Russell Lee Tarver, Kurt Alan Tarver and Virginia Eileen Tarver raised in claim one, subpart B, be dismissed without prejudice and without leave to amend;
4. The state law claims raised in claims two, three, four and five against defendants Russell Lee Tarver and Kurt Alan Tarver be dismissed; and
5. This entire action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 22, 2025

/s/ Chi Soo Kim
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

King3757.ps.mtd.f&r(2)/2